IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. TDC-21-0461 |
| | * | |
| MOSHE MICHAEL IMEL, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS STATEMENTS AND FOR INTRADISTRICT CHANGE OF VENUE**

The United States of America, by and through its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Timothy F. Hagan, Jr., Assistant United States Attorney for said District, respectfully submits this response to Defendant's Motion to Suppress Statements (ECF No. 33) and Motion for Intradistrict Change of Venue. (ECF No. 34.) The Government requests that the Court deny these Motions and in support thereof submits the following:

I.  **Procedural Background**

On November 18, 2021 the Grand Jury for the District of Maryland returned an indictment against the Defendant, Moshe Michael Imel, charging five counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The Indictment alleges these acts were committed on or about July 22, 2018 (Count One), August 4, 2018 (Count Two), November 4, 2020 (Count Three), November 7, 2020 (Count Four), and November 26, 2020 (Count Five). February 14, 2018. The Defendant was arraigned on December 20, 2021. (ECF No. 7.)[1] On June

---

[1] The Defendant is charged with related conduct in The Circuit Court for Calvert County, Maryland, where the Grand Jury sitting in that court returned three indictments on April 19, 2021 charging 23 counts involving the sexual abuse of minor victims. (*See State of Maryland v. Moshe Michael Imel*, case numbers C04CR21000054, C04CR21000055, and C04CR21000056.) Mr. Imel remains detained in Calvert County awaiting trial there.

24, 2022, the Defendant filed the relevant Motions, to which the Government now responds, pursuant to the Court's Scheduling Order. (ECF No. 47.)

II. **The Motion to Suppress Statements Should be Denied as Moot**

The United States does not seek to use or introduce the statement referenced in the Defendant's brief against him at trial. Therefore, the Defendant's motion should be denied as moot.

III. **The Voir Dire Process, Not a Transfer, is the Appropriate Mechanism to Ensure a Fair and Impartial Jury**

While the Defendant moves for trial to be heard in the Northern Division of the United States District Court for the District of Maryland, he also concedes that the level of pretrial publicity does not support transfer at this time. (ECF No. 34.) The Government agrees that the record does not support transfer at this time and shares the desire for a fair and impartial jury to deliver an informed verdict in this matter, in accordance with the Sixth Amendment.

There is a two-step process in evaluating whether a change of venue is required based on pretrial publicity. *United States v. Higgs*, 353 F.3d 281, 307 (4th Cir. 2003). First the Court must determine "whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted," thus resulting in a venue change prior to jury selection. *Id.* (quoting *United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991). However, "[o]nly in extreme circumstances may prejudice to a defendant's right to a fair trial be presumed from the existence of pretrial publicity itself." *Id.* (quoting *Wells v. Murray*, 831 F.2d 468, 472 (4th Cir. 1987)). Instead, a trial court will ordinarily take the second step of conducting *voir dire* of prospective jurors to determine if actual prejudice exists. *Higgs*, 353 F.3d at 308; *Bakker*, 925 F.2d at 732; *Wansley v. Slayton*, 487 F.2d 90, 92-93 (4th Cir. 1973). The Defendant concedes that this Court cannot, on the facts

before it, find "that trial proceedings must be presumed to be tainted." *Higgs*, 353 F.3d at 307. Therefore, the motion cannot be granted at this time.[2] The Government requests that it be denied.

## IV. Conclusion

Defendant's Motion to Suppress Statements should be denied as moot. Defendant's Motion for Intradistrict Change of Venue must also be denied for the reasons stated herein.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:     /s/
Timothy F. Hagan, Jr.
Assistant United States Attorney

---

[2] The Government does not anticipate that there will be merit to transferring this matter *for prejudice* under Fed. R. Crim. P. 12(a) even upon completion of *voir dire*, though that is not yet before the Court. *See e.g.*, *Skilling v. United States*, 561 U.S. 358, 382 (2010) ("Given this large, diverse pool of potential jurors [in Houston, TX], the suggestion that 12 impartial individuals could not be empaneled is hard to sustain."); *United States v. Taylor*, 942 F.3d 205, 223 (4th Cir. 2019) (noting that size of Baltimore's population, which was approximately 621,000, "is large enough to reduce the likelihood of prejudice.")

**CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of December, 2022, a copy of the foregoing Government's Consolidated Response to Defendant's Motion to Suppress Statements and Motion for Intradistrict Change of Venue was served via electronic case filing upon the following:

Amy Fitzgibbons, Esq.
Cynthia Frezzo, Esq.
Assistant Federal Public Defenders
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Email: Amy_fitzgibbons@fd.org
Cynthia_frezzo@fd.org

Counsel for Defendant Moshe Michael Imel

/s/
Timothy F. Hagan, Jr.
Assistant United States Attorney